[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 11866
The plaintiff has filed an eviction complaint against the named defendants for failure to pay the rent due on a month to month rental by oral agreement on May 1, 1998 and thereafter the defendants were duly served with a notice to quit possession on May 15, 1998 to vacate the premises by May 31, 1998. The defendants still continue in possession despite the notice to quit.
The defendants do not deny they are still in possession, but claim they occupy the premises under an oral contract to buy the premises and that any payments made were not paid as rent but as a down payment for the purchase of the property, such payments were to be deducted from the total cost.
The plaintiff testified that although the possibility of a purchase was discussed, there was no agreement because he needed to get an appraisal of the property before he would consider a sales agreement. He testified that he would agree to give a credit to the defendants on the rent for any work that they did to improve the property. The defendants never sent him any receipts for the cost of improvements. They never claimed to have done any work. They paid no rent at all from November, 1997.
Ronald Piper testified that he had done a great deal of work on the premises, new electric heater, furnace, new flues and ducts, repaired wiring, light fixtures and a new well pump. He estimated this work cost about $1,508. He never sent the plaintiff a bill. He also produced a contract for work to clean up the property, clear out garbage, cut brush and cut trees. Total cost of the work was $5,450. He claimed all the work was done, including cutting down and removing 82 trees. He had no receipt but he claimed he paid cash to have the work done. The contractor was William Syper. He is the father of the defendant, Deborah Piper.
The court finds the testimony of the defendant, Ronald Piper not at all credible. In fact, the court finds the claim that he paid his wife's father $5,450 cash to clear the land totally beyond belief. The court finds that the plaintiff was a credible witness.
Accordingly, the court enters judgment for the plaintiff for possession of the premises. CT Page 11867
D. Michael Hurley, Judge Trial Referee